# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| NIKKEYA ANDRICH,<br><br>    Plaintiff,<br><br>    v.<br><br>ARAMARK REFRESHMENT<br>SERVICES, LLC, et al.,<br><br>    Defendants. | Civil Action No. 16-01148<br><br>Honorable Judge George C. Smith<br>Honorable Judge Terence P. Kemp |

## **CONFIDENTIALITY AGREEMENT**

Plaintiff Nikkeya Andrich and Defendant Aramark Refreshment Services, LLC ("Aramark"), Martin Kloock and Ronald Urbano (collectively "Defendants") hereby agree:

1.    Plaintiff and Defendants shall have the right to limit access to any document produced in discovery or other item relevant to this litigation, including without limitation answers to interrogatories and any portion of deposition testimony or other testimony by a witness, to the counsel for the parties.

2.    Such documents or other tangible items must be designated by conspicuously stamping the words "COUNSEL ONLY" on each page of the designated material or by notifying the other party in writing of the material to be considered so designated. With regard to testimony, a party may limit access to such testimony to the parties' counsel by notifying the other party of the portion of testimony to be designated on the record at the deposition or in writing no later than five days after the transcript is received.

3. Information designated for "COUNSEL ONLY" shall not be disclosed or disseminated to <u>anyone,</u> except:

   a. the counsel for any party, and the employees of such counsel to whom it is necessary that the information be disclosed for purposes of this litigation only; or

   b. any outside expert engaged by a party for the purposes of assisting in the preparation of this litigation, provided, however, that no such information shall be disseminated to any expert who is currently employed by a direct business competitor of a party or its affiliates subject to review by the Court;

   c. any person who was involved in the preparation of the document or information; or

   d. any person, entity, or firm with the prior written consent of all parties.

4. Plaintiff and Defendants shall also have the right to designate as CONFIDENTIAL any document or other item relevant to this litigation, including without limitation answers to interrogatories and any portion of deposition testimony or other testimony by a witness.

5. Such documents or other tangible items must be designated by conspicuously stamping the words "CONFIDENTIAL" on each page of the designated material or by notifying the other party in writing of the material to be considered so designated. With regard to testimony, a party may designate portions of the record CONFIDENTIAL by notifying the other party on the record at the deposition or in writing no later than two days after the transcript is received.

6. Information designated "CONFIDENTIAL" shall not be disclosed or disseminated to <u>anyone,</u> except:

a. a party, counsel for any party, and the employees of such counsel to whom it is necessary that the information be disclosed for purposes of this litigation only; or

b. any expert engaged by a party for the purpose of assisting in the preparation of this litigation, provided, however, that no CONFIDENTIAL information shall be disseminated to any expert who is employed by a direct business competitor of Aramark or its affiliates; or

c. any person who was involved in the preparation of the document or information; or

d. any other person, entity, or firm with the prior written consent of all parties.

7. Any party that provides documents or other discovery obtained from the other party in the course of this litigation to any person (other than the Court, court personnel, and court reporters) will first obtain from such person, prior to any such dissemination, a written statement in the format attached as Exhibit "A" hereto, that such person agrees to be bound by this Confidentiality Agreement. The undersigned counsel shall maintain a list of all such persons along with the written agreement of each person. Upon request of any party at any time, counsel in possession of the written agreements shall immediately provide copies of the written agreements to the requesting party.

8. A party who seeks to file a document containing information designated "COUNSEL ONLY," shall obtain leave of Court to file the document under seal in accordance with the rules of this Court. Upon obtaining leave of Court, the party must file the documents electronically using the ECF system as provided in S.D. Ohio Civ. R. 5.1.

9. When any document or information designated "COUNSEL ONLY," or other pleadings or papers disclosing or referring to such information are used in connection with any motion, hearing, or other submission to the Court, they shall be submitted to the Clerk in a sealed envelope or box. The face of the envelope or box containing such documents, as well as

the first page of each document, must state that it contains "DOCUMENTS FOR *IN CAMERA* INSPECTION" or "DOCUMENTS UNDER SEAL." The face of the envelope or box shall also contain the case caption, a descriptive title of the documents (unless such information is to be, or has been, included among the information ordered sealed), and a reference to the specific order or statute permitting the documents to be sealed.

10. Nothing in this Agreement shall preclude any party from challenging a designation of "CONFIDENTIAL" or "COUNSEL ONLY" by another party.

   a. If any party elects to challenge a designation of any document, deposition testimony, or information pursuant to this order, that party must provide at least five days advance notice to afford the designating party an opportunity to remove voluntarily such designation.

   b. If, after the five-day period has expired, the designating party has not agreed to remove the designation and the parties are otherwise unable to resolve the challenge to the designation, the challenging and designating parties shall contact the Court for a determination of whether the challenged designation is appropriate. The challenging party shall provide the Court with one copy of each document, response, or portion of transcript challenged. The designating party has the burden of proving the applicability and/or correctness of any designation.

   c. If the challenge is not resolved by agreement, or by voluntary removal, and if the Court is not contacted, then the designation shall remain in effect and shall continue to apply to such document or information.

   d. If a party challenges a designation of "CONFIDENTIAL" or "COUNSEL ONLY" to the Court, the material is to be treated as "CONFIDENTIAL" or "COUNSEL ONLY" until such time as the Court has ruled on the challenge.

11. Nothing in this Agreement shall preclude any party from seeking from the Court an Order binding third parties to abide by this Agreement.

12. Within thirty days of the close of this litigation for any reason, each party shall retrieve all copies of materials designated "CONFIDENTIAL" or "COUNSEL ONLY" from his or its own files, and from experts or other persons to whom he or it has provided such materials

consistent with this Confidentiality Agreement, and shall do one of the following: (1) return to the designating party all such materials, including all copies thereof, produced by such designating party during this action; or (2) certify in writing to the designating party that all materials designated "CONFIDENTIAL" or "COUNSEL ONLY" produced by such other party during this action have been destroyed. All material protected by this Confidentiality Agreement which has been placed in any computer databank, *hard* drive, or disk shall be completely erased, and any documents listing or summarizing information protected by this Confidentiality Agreement shall be destroyed within the same period.

13. Nothing herein contained shall be construed to preclude or limit any party from opposing any discovery on any grounds that would otherwise be available. This Agreement shall not, in and of itself, prejudice any contention of any party upon any motion, nor shall this Agreement constitute a waiver of any right to seek relief from the Court from any and all of the provisions hereof or other modifications of the terms hereof. This Agreement shall not limit any party's right to seek judicial review or to seek further and additional protection against or limitation upon production or dissemination of information and documents or their contents.

14. Nothing herein shall be construed to preclude or limit the presence of any individual at any hearings in or the trial of this action.

15. Upon the final resolution of this litigation, the provisions of this Order shall continue to be binding. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation.

16. This Order is binding on all parties to this action and on all third parties who have been served with a copy of this Order, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of the Court.

| | |
|---|---|
| Dated: April 7, 2017 | /s/ Ken Smith<br>Signature<br><br>Ken Smith<br>Attorney's Name<br><br>The Spitz Law Firm, LLC<br>Firm Name<br><br>*Attorneys for Plaintiff* |
| Dated: April 7, 2017 | /s/ Andrew Barber<br>Signature<br><br>Andrew Barber<br>Attorney's Name<br><br>Morgan, Lewis & Bockius LLP<br>Firm Name<br><br>*Attorneys for Defendants* |

Approved by the Court:

 /s/ Terence P. Kemp
United States Magistrate Judge

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

NIKKEYA ANDRICH,

    Plaintiff,

v.

ARAMARK REFRESHMENT
SERVICES, LLC, et al.,

    Defendants.

Civil Action No. 16-01148

Honorable Judge George C. Smith
Honorable Judge Terence P. Kemp

## **EXHIBIT "A" TO CONFIDENTIALITY AGREEMENT**

I hereby certify that I have read the CONFIDENTIALITY AGREEMENT entered into by the parties in the above-captioned litigation. I hereby agree to be bound by the terms of the CONFIDENTIALITY AGREEMENT and to submit personally to the jurisdiction of the Court for purposes of enforcing my agreement to be bound by the terms of the CONFIDENTIALITY AGREEMENT.

I hereby agree that I will use any documents or other discovery produced or provided by a party in the above-captioned litigation for the sole and limited purposes of preparation for and trial of the above-captioned litigation.

Date: _____    _____
                                             Name

                                             _____
                                             Signature